morning is Appeal 24-1006, Indiana Land Trust 3082 v. Hammond Redevelopment. Good morning, Mr. Carroll. Good morning, Your Honor. Good morning. May it please the court. Jeff Carroll on behalf of the Appellant's Land Trust. I also refer to them as the Abbeseers who benefit from the trust. So the Abbeseers are today appealing the district court's dismissal of the Indiana Northern District's dismissal of multiple constitutional claims related to what's really a basic, pretty basic set of alleged offense. Sorry to interrupt you, Mr. Carroll, but before you go too far, could you tell us please what the status of the state condemnation proceedings is? I know at the time of briefing they were still ongoing. Has anything changed? No, nothing's changed, Your Honor. So the district court dismissed the Abbeseers substantive due process claim via an order dated last April and then later amended that complaint and then that later amended complaint pleading or protection violations. That was dismissed via an order in December of 2023. Final judgment entered shortly after. The Abbeseers own a fireworks store in Hammond, Indiana. It's down the road near the Illinois state line. The store sits on a major north-south street in Lake County, Indiana. That's Indianapolis Boulevard. Behind the boulevard and the Abbeseers store to their west is a residential area known as the Water Gardens neighborhood of Hammond, Indiana. The defendants, which include the Hammond Redevelopment Commission, the mayor of Hammond, the city, and various employees in their individual and official capacities have attempted to exercise their Indiana state eminent domain power to condemn the property that the building, this neighborhood to the roadway, the neighborhood to the roadway, excuse me. So the Abbeseers core allegation here is that they're being targeted by the defendants because they're not political supporters of the mayor of Hammond and that the condemnation would in fact benefit the mayor's political supporters. Some of those political supporters... Whether the road is intended, why is that not an argument that you made to the state court? That the road is not intended to be built. I mean for us that doesn't make any difference whatsoever. I mean I don't think under our case law it doesn't matter. As long as Hammond says we intend to build the road, that's it for us. So we are making that argument at the state court level in in response to the to the taking. Right. Your Honor knows and then the state court said... They haven't taken anything yet here so you have a real trouble with a substantive due process claim because they haven't done anything. They have... So our claim is that, as your Honor stated, that they're never going to build the road. Right. And maybe they won't. And we've pled that they don't intend to build the road. And maybe they don't. Right. But why does that matter for the federal court? That matters for the federal court because I think at that point it would it would swallow the entire ability to Because I think you can challenge the condemnation proceedings in state court by saying that this is not their intent. They don't intend to build a... They can't put a road here. Whatever, whatever. They can't put a road. Okay. There's a river. They can't put a road. That would affect the condemnation proceedings but that would not create a substantive due process claim. We think it would because our argument is that it would... The idea that... I mean the standard for substantive due process claim is that it shocks the conscience, correct? And so our if the city or any government entity is is making the claim is condemning property because for saying they're gonna build a road when in fact they're never gonna build a road that would shock the conscience right there. But what's the substantive due process right at issue? It it can't just be shocks the conscience. In order to have a substantive due process claim you have to have the recognized right up front. And it can't be the taking because nothing's been taken. Taken yet. Well the I think that the substantive due process right... What's the protected life, liberty, or property at issue for your substantive due process claim? To not to not have the property I guess condemned for... It's a taken. Nothing's been taken yet. So it doesn't seem like you have a liberty or property at issue in order to make the due process shocks the conscience argument. So our argument your honor is that the process itself being subjected to the process itself damages damages... The Supreme Court has been very clear that substantive due process is a limited area and we should not expand it. Is there any case that supports what you're you're now claiming is your protected life, liberty, or property at issue? Regarding the substantive due process your honor I admit that I do not have one handy for you right now. But we're also we've also made a equal protection argument. Isn't the equal protection argument essentially there can't be a rational basis because they didn't follow the law. There's no rational basis not to follow the law. Isn't that where every taking is gonna wind up somehow in federal court now? No because the equal protection argument is that there are similarly situated properties right. So this stretch of road has you know you have the fireworks store here on Indianapolis Boulevard and Hammond. To the south of that you have vacant land that goes on for blocks and blocks. North of that you have vacant lot property that goes on for blocks and blocks. Part of that vacant property also includes a pathway that is still owned by the city that once did contain that that was once a a roadway connecting the neighborhood to Indianapolis Boulevard. So no I don't think that every single taking would would implicate equal protection because you're not always gonna have the instance where you have similarly similarly situated comparators who are who are not being treated the way that that's what brings it under equal protection. Do you want to save the rest of your time for rebuttal? It's up to you. Sure I'm just making sure that I know my clock's ticking right your honor. Yeah I will but let me just I mean just to close on the equal protection in particular so so the argument is we have the fireworks store here all this land that's way more conducive to this and yet we're being targeted out of political animus and to benefit not only the surrounding property owners but also the mayor's another of the mayor supporters is a firework store owner in the city so it would benefit him and well he's not a comparator because he's not similarly situated but but our contention is that that we are you know the Abazir's firework store is being targeted there they don't need that much land and there's land they already own that they could put this that's better and there's land vacant land that that would serve the purpose more so and we're simply being targeted to benefit a private purpose. Thank you. Thank you Mr. Carroll. Mr. Jensen. Good morning. Good morning may it please the court. Of course that's the oldest argument for every landowner make sure that that public improvement is put on somebody else's land. As you can tell by reading the briefs and particularly the larded with references to Indiana state decisions dealing with the exercise of the power of eminent domain. They are in court in the Lake Superior Court having asserted a number of objections to the taking and they cite here cases from the state of Indiana which provide that if you have a new motive if you have a bad motive if you're taking more property than you're entitled to if you are not taking it for a public use but rather for a private use all of those are properly asserted objections under the 1911 Eminent Domain Act and those will defeat the take all you have to do is read one of the cases they cite Derloshan which is from the 1968 Indiana Supreme Court and there those objections are made the trial court says we're not going to hear them and the Supreme Court said if these are objections carry the day this take city of Fort Wayne is defeated because you are taking for using the public power to take for the benefit of a stainless steel company and that's a private use all of that is in their briefs so what they basically are trying to do is infuse into a constitutional case the constitutional issues are not there Indiana eminent domain law which they have a clear opportunity to present to trial court and that of course defeats the substantive due process claim because one of whether we go back to Bettendorf to synergy to 145 LLC I think it's Fisk LLC decided in 2021 all of those cases provide that if you're making a substantive due process claim and you have a state remedy you have to the court there says you know you could have filed a writ of mandamus mr. appellant well this isn't the case here this is a recognized action commenced by the city to exercise its statutory rights and you are in that case defending making the very same objections that you're making here so the substantive due process claim which was resolved by the by the by the issue with regard to their third amended complaint was basically that you have to show under the due process clause that the actions taken against your property are arbitrary interrational or they shock the conscience and the court there said exercising your power of eminent domain is a legitimate state action and that is rational but there's a better way I think to resolve all of this by looking at Bettendorf at synergy at 145 Fisk LLC which say if there is a state procedure that is available to you you don't have a substantive due process claim now with regard to the to the equal protection the class of one claim that too can be resolved on the basis of the legitimacy the rationality of the the appellants completely fuzz over what the standard is the court below properly analyzed whether or not there is a rational basis because there is no suspect class because there's no fundamental right here so we're dealing with a rational basis analysis for why was my property picked and not the guy next door or the guy down the street and and what the court there looked at was are there comparators it didn't find any but it really focused on the issue of rationality and remember flying J which was decided by this court it's I think it 549 Fed third 547 the court says the court's job is any to look at any conceivable rational basis any conceivable rational basis and so the very simple conclusion it is a conceivable rational basis for the city of Hammond to want to condemn this property in order to make to provide a roadway that would connect the water gardens part of the Robertsdale subdivision in the city of Hammond with Indianapolis Boulevard and in order to do that they're going to require going through your property then the issue becomes well you heard it already today you're taking too much you shouldn't take as much well that's the offices of eminent domain and that's going to be an issue that's going to be decided by the state court you should locate it somewhere else we've been targeted well that's also an issue for the state court to decide where this improvement is going to be located and oh by the way if you're taking it for a private use you can't do it der lotion allows you to argue that and to present evidence with regard to that and you cannot take the the statute specifically provides for that so so for this case to be in federal court we have to turn local property law upside down and we have to make this court or the court below a state court with regard to determining the wisdom and the necessity of a taking and I think the courts have been pretty clear that that is not the proper office for a federal court and it certainly doesn't amount to some sort of constitutional violation there isn't a constitutional violation here and the only one that's cognizable the only one that makes any sense in this context is of course the Fifth Amendment the right to just compensation and these folks are going to receive just compensation there's only two things that can happen to them neither of which amount to a proceedings in the Lake Superior Court are going to go forward and they're going to prevail if they prevail there's no taking proceedings go forward and the city prevails the city doesn't get to take the property until it pays the reward the the award of appraisers in other words this isn't a regulatory taking this isn't an exaction the city hasn't taken anything and they can't take anything unless they pay compensation and under the statute the city can't even enter the property until they paid the award of the appraisers and that doesn't stop the landowner from going forward filing exceptions and having a jury trial on the inadequacy of the amount of money so that they can get even more no no no one it doesn't look like anything is moved yeah no one has moved that's the better way to put it there's there's been there's been no formal action this matter for want of a better term I think everyone is giving it priority in order to have it resolved before we go forward with the state proceedings there's just no constitutional issue here no taking no injury the Fifth Amendment controls the statute protects them and they'll have every right to do whatever they have to be done and trying to shoehorn this into substantive due process or trying to shoehorn it into equal protection for a class of one simply doesn't work thank you mr. Carroll briefly your honor just a couple a couple points to hit following a Peli's argument probably mentioned the flying J case it's rational if there's any conceivable rational basis in this case the can the rational basis provided which is the building of a roadway we don't contest look building of a road isn't that's a public purpose that's what that's what government does they build schools they build roads they they preside over court cases our our complaint the others there's complaint alleges again that there's not going to be a roadway built it's never going to happen that's the that's the complaint that's the allegation of the complaint has to be taken as true the court then the district court then supplied the rational basis that contradicts that allegation so that's our argument not that not that a roadway is not a proper purpose it of course it is but we're saying that roadway is never going to be built that's the allegation we can go to discovery we can we can figure out whether that roads ever going to be built that our allegation that should survive a 12b6 motion is that the roads never going to be built as far as just compensation goes sure in the state court if the Abazirs win or excuse me if they if they win that never gets built right if they lose they get just compensation but but just compensation doesn't doesn't make them whole for the constitutional violations that we're alleging here which are that you know equal protection substitute due process those have value as well whether they're nominal and then the jury can decide what what the value of that constitutional deprivation is we'll see but that that's a jury issue just compensation doesn't doesn't take care of it all so thank you thank you thanks to both counsel the court will take the case under advisement and that concludes our oral arguments for this morning